IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM, | 1:11-cv-02138-AWI-SMS |
| Plaintiff, | **ORDER GRANTING TRI-DAM'S MOTION TO ENFORCE JUDGMENT** |
| v. | |
| ANDREANA MICHAEL, | **ORDER DENYING TRI-DAM's MOTION FOR CIVIL CONTEMPT SANCTIONS** |
| Defendant. | |

Plaintiff Tri-Dam has filed a motion for enforcement of judgment, currently under submission before the Court. Tri-Dam informed the Court that, despite the Court's previous order requiring Defendant Michael to comply with the settlement agreement between the parties and submit plans to remove shoreline improvements below the 515-foot contour line on the Tulloch Reservoir, Defendant Michael failed to do so. Doc. 57. Plaintiff's motion was set for hearing on April 4, 2016. Any opposition or notice of non-opposition was required to have been filed no later than March 21, 2016. *See* E.D. Cal. L.R. 203(c). Defendant Michael filed no opposition. On April 1, 2016, Defendant Michael filed a status report indicating plans were submitted to Tri-Dam—no date of submission was provided[1]—but that the application was

---

[1] The parties' settlement agreement required Defendant Michael to submit plans for removal of the offending dock by December 31, 2015.

rejected because it was incorrect in substance and was not accompanied by the required filing fee. Doc. 59. Defendant Michael now asks this Court to grant her an "additional time between 45-60 days before … tak[ing] any punitive measures."

Tri-Dam is correct that Rule 70 permits this Court, acting on a real property matter, to enforce its judgement by authorizing a person to take action on behalf of a party to a judgment when that party has refused to carry out the action in the time required by the judgment. Fed. R. Civ. P. 70(a). The Court is also authorized to hold a party in civil contempt where it has required a party to perform any "specific act," and that party "fails to comply within the time specified." Fed. R. Civ. P. 70(a) & (e). However, in a civil contempt action, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).

The Court's February 16, 2016 order, the substance of which was stipulated to by the parties, required Defendant Michael to submit an application to Tri-Dam to modify or remove all shoreline improvements on her property at or below the 515-foot elevation contour that do not comply with a Tri-Dam permit. Doc. 55 at 2. No explicit deadline was given for Defendant Michael to submit an application. *See* Doc. 55. However, when no time is specified, the language of Rule 70(a)—authorizing the court to act if a party "fails to comply in the time specified"—has been interpreted by courts in the Circuit to allow "a reasonable time under the circumstances." *In re GGW Brands, LLC*, 2013 WL 6908889, *12 (Bankr. C.D. Cal. Nov. 15, 2013) (citing *In Re Rains*, 338 B.R. 99, 101 (Bankr. E.D. Cal. 2006)). Stated another way, a judgment not providing a specific time period for compliance can only be enforced under rule 70(a) if the disobedient party "had an 'opportunity to have done the required act and'" did not to do so. *Id*.

Approximately 125 days have passed since Defendant Michael agreed to submit plans for removal of the dock and approximately 50 days have passed since this Court entered judgment in favor of Tri-Dam, requiring her to do so. Defendant Michael has had ample time to comply with the judgment of this Court. That Defendant Michael appears to have been several days and several dollars short in submitting the permit applications is no excuse. That said, because the

Court did not give Defendant Michael a strict deadline for correct submission of a permit application, it will not hold Defendant Michael in civil contempt. However, if after Tri-Dam removes the unauthorized structures (or if Defendant Michael prevents such removal from taking place), the same or similar structures are installed without a permit, the Court will hold the defendant in civil contempt and impose monetary sanctions.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Insofar as Tri-Dam moves to be authorized by this Court under Rule 70(a) to remove all unauthorized structures maintained by Defendant Michael or on located her property below the 515-foot contour line of the Tulloch Reservoir at Defendant Michael's expense, Tri-Dam's motion is GRANTED;

2. Tri-Dam's motion for civil sanctions is DENIED.

IT IS SO ORDERED.

Dated:   April 7, 2016                               _____
                                                      SENIOR DISTRICT JUDGE